UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DAVID GANZ and CHRISTINE GANZ,

                      Plaintiffs,                      2:25-cv-02283

  -against-

NASSAU COUNTY, New York, PATRICK          **COMPLAINT**
RYDER, Individually and Officially, MARC
TIMPANO, Individually, DAVID
CAFARELLA, Individually,
                      Defendants.
-----------------------------------------------------------x

      Plaintiffs, DAVID GANZ and CHRISTINE GANZ, by and through their attorneys, The Bellantoni Law Firm, PLLC, for their Complaint respectfully state:

## NATURE OF THE ACTION

      1.      This is an action for injunctive, compensatory, economic, punitive, and presumed money damages proximately resulting from the actions of the individually named defendants' violations of the plaintiff's Constitutional Rights under the Second and Fourth Amendments to the United States Constitution. 42 U.S.C. § 1983.

      2.      This action challenges a policy of the Nassau County Police Department (NCPD) Pistol License Section (PLS) of violating the constitutional rights of its residents based on the conduct, condition, and/or firearms disqualification of a cohabitant (the "Policy").

      3.      For existing licensees, like Plaintiffs, the Policy requires suspension of the license and confiscation and/or forced surrender of handguns.

      4.      The Policy also forecloses the licensee's ability to purchase any new handguns.

1

## JURISDICTION

5. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) in that this action seeks to redress the deprivation, under of color of the laws, statutes, ordinances, regulations, customs, and usages of the State of New York, of rights, privileges or immunities secured by the United States Constitution.

6. This action seeks relief pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 1983.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391.

## THE PARTIES

8. Plaintiffs, DAVID GANZ and CHRISTINE GANZ, (hereinafter "Plaintiffs"), are domiciled in the State of New York and residents of Nassau County, New York.

9. Defendant, NASSAU COUNTY, New York (hereinafter the "County"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of the State.

10. Defendant, PATRICK RYDER, (hereinafter "Commissioner Ryder"), at all times relevant herein, was employed by the County as the Police Commissioner of the Nassau County Police Department (hereinafter the "Department"). Commissioner Ryder is sued herein in his individual and professional capacity. As Police Commissioner, Commissioner Ryder is the statutory pistol licensing officer in Nassau County [see, Penal Law § 265.00(10)].

11. As statutory licensing officer, Commissioner Ryder sets the policies and procedures for the Nassau County Pistol License Section, enforces such policies and procedures, and has the authority to reinstate Plaintiffs' pistol licenses and return their property (firearms).

12. Defendant MARC TIMPANO (hereinafter "Lt. Timpano") was, at all times relevant herein, an employee of Nassau County and the head of the Nassau County Pistol License Section (PLS). Defendant Timpano is sued herein in his individual capacity only.

13. At all times relevant herein, Lt. Timpano had actual authority to create and implement the policies and procedures of the License Section complained of herein.

14. At all times relevant herein, Lt. Timpano had actual authority to suspend and/or revoke the New York State Pistol Licenses of Nassau County residents, order licensees to surrender their handguns, rifles, and shotguns, reinstate their licenses, and return their handguns, rifles, and shotguns, including Plaintiffs.

15. At all times relevant herein, Lt. Timpano personally supervised and had supervisory authority over and directed the actions of the police officers and/or investigators assigned to the License Section, including defendant Scaglione.

16. At all times relevant herein, Commissioner Ryder and Lt. Timpano individually and collectively enforced and implemented subjective policies and procedures of the Pistol License Section against Plaintiffs, which caused the deprivation of their constitutional rights as detailed herein.

17. Defendant "JOHN DOE" ("Doe") assumed a supervisory role in the PLS commensurate with the role held by Timpano prior to Timpano's retirement from the NCPD.

18. Doe continues to personally enforce the challenged Policy generally and against Plaintiffs, which continues to violate their constitutional rights as described herein by directing the actions of Defendant David Cafarella and other staff in the PLS.

19. Defendant DAVID CAFARELLA (hereinafter "Cafarella") was, at all times relevant herein, an employee of County of Nassau and assigned to the Pistol License Section as a police investigator. Defendant Cafarella is sued herein in his individual capacity only.

20. At all times relevant herein, Cafarella enforced and implemented policies and procedures of the Pistol License Section affecting Plaintiffs' constitutional rights.

21. At all times relevant herein, each of the individual defendants were acting on behalf of, and in furtherance of, their positions as employees and/or agents of Nassau County.

22. Nassau County is liable for the acts and omissions of the individual defendant law enforcement officers based on the existence of *Monell* liability, as set forth more fully below.

23. At all times relevant herein, each of the individual defendants was acting pursuant to and in furtherance of the established policies and procedures of the NCPD PLS.

## THE MATERIAL FACTS

**I. The Second Amendment**

24. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

25. "[C]onsistent with *Heller* and *McDonald*, [] the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022); see *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v. Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts,* 577 U.S. __ (2016).

26. "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct." *Bruen*, 142 S. Ct. at 2126 (citation omitted).

27. "To justify its regulation, the government may not simply posit that the regulation promotes an important interest." *Ibid*. "Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Ibid*.

28. "Public safety" and/or "interest balancing" cannot be used to justify government regulations of Second Amendment protected activity. *Bruen*, at 2126 at n. 3 (rejecting dissent's painstaking chronicle of crimes committed using a firearm – "presumably to justify granting States greater leeway in restricting firearm ownership and use. But, as Members of the Court have already explained, "[t]he right to keep and bear arms ... is not the only constitutional right that has controversial public safety implications.") quoting *McDonald*, at 783.

29. "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Ibid*.

*Nassau County Pistol License Handbook and Policies*

30. It is the policy and procedure of the NCPD PLS to suspend, revoke, and/or refuse to issue a New York State pistol license to any licensee and/or applicant who resides with a third party who is, or who the Department believes may be, a person disqualified from possessing, transferring, purchasing, and receiving firearms under state and/or federal law.

31. It is also the policy and procedure of NCPD to suspend and/or revoke the pistol license of a licensee for any violation or perceived violation of the NCPD Pistol License Handbook (the "Handbook").

32. The Handbook is preempted by New York State and federal law. See generally, Penal Law 265.00, *et seq.,* 400.00, *et seq.*, and 18 U.S.C. 922(g).

33. The Handbook is created and enforced by NCPD.

34. NCPD is a police department, not a legislative body.

35. The statutory licensing authority imbued in Ryder and his designees is enumerated in § 400.00, *et seq.*

36. Penal Law § 265.00, *et seq.*, § 400.00, *et seq.*, and 18 U.S.C. § 922(g) identify the objective disqualifiers to firearm possession under State and federal law.

37. Based on state and federal preemption, the Handbook should be enjoined in its entirety as NCPD is implementing policies and procedures therein that are within the exclusive jurisdiction of the State and federal law.

38. Defendants have no statutory authority to suspend and/or revoke a pistol license based on the acts and/or conduct of a third party cohabitant.

39. At no time have Plaintiffs become ineligible to possess firearms under state or federal law.

40. Defendants' knowing and/or deliberate disregard for Plaintiffs' constitutional rights as set forth herein is wanton, malicious and/or intentional, warranting an award of punitive damages against them individually.

41. Plaintiffs' conduct – possessing firearms – is presumptively protected by the plain text of the Second Amendment, which guarantees the individual right to possess and carry weapons in case of confrontation. *Heller*, at 592.

42. Defendants must justify the enforcement of the challenged policies and procedures by proving their regulations are consistent with the plain text, history, and American traditions of firearm regulation.

*Facts Particular to Plaintiffs*

43. Plaintiffs reside in Nassau County, New York with their minor child.

44. Plaintiffs reside with their adult daughter.

45. Plaintiffs have held valid New York State pistol licenses issued by the Nassau County Police Department without incident.

46. At no time have Plaintiffs suffered from any disqualification to the possession, purchase, use, or ownership of firearms.

47. In and around October 2024, Defendants suspended Plaintiffs' New York State pistol licenses.

48. Plaintiffs' pistol licenses were suspended for reasons having nothing to do with Plaintiffs' eligibility to possess firearms.

49. Defendants suspended Plaintiffs' pistol licenses because their adult daughter was transported to the hospital for a mental health evaluation.

50. Defendants suspended Plaintiffs' pistol licenses because Plaintiffs did not inform the PLS that their adult daughter was transported to the hospital for a mental health evaluation.

51. Defendants suspended Plaintiffs' pistol licenses because Plaintiffs did not inform the PLS that their adult daughter was receiving mental health treatment.

52. Defendants suspended Plaintiffs' pistol licenses because, among other reasons, Plaintiffs did not inform the PLS that NCPD responded to their home in connection with an aided call for Plaintiffs' daughter.

53. The responding officers observed that all Plaintiffs' pistols were stored in locked safe to which Plaintiffs' daughter did not have access.

54. At no time did anyone from NCPD seek a warrant to seize Plaintiffs' pistols.

55. The responding officers did not seize Plaintiffs pistols.

56. Three (3) days later, Defendant Cafarella called Plaintiffs and acknowledged that he was aware that NCPD officers responded to their home concerning their daughter.

57. Cafarella informed Plaintiffs that they were required to have notified the PLS of the incident.

58. Cafarella informed Plaintiffs that they were required to submit a Notarized written statement of the incident involving their daughter to him.

59. At that point in time, Defendants had suspended Plaintiffs' pistol licenses.

60. Plaintiffs informed Cafarella that they brought their pistols to a FFL (gun store) for storage during the suspension period.

61. Plaintiffs' pistols have been stored with the gun store since October 2024, while their pistol licenses have been under suspension.

62. In March 2025, Plaintiffs asked Cafarella to inform them of the next steps to closing this issue and lifting the suspension of their licenses.

63. Cafarella did not respond to their communication.

64. Having done nothing wrong, Plaintiffs went to the gun store in March 2025 to retrieve their pistols.

65. The gun store, Dark Storm Industries ("DSI"), informed Plaintiffs that the PLS confirmed that Plaintiffs' pistol licenses are still under suspension by Defendants.

66. Because Plaintiffs' pistol licenses are suspended by Defendants, (i) they cannot legally possess pistols; (ii) DSI cannot release the pistols to Plaintiffs; (iii) Plaintiffs cannot take possession of their property (pistols); and (iv) Plaintiffs cannot purchase and/or acquire any additional pistols for self-defense.

67. Cafarella informed DSI that Plaintiffs are still "under investigation."

68. To date, Plaintiffs' pistol licenses remain suspended and their property remains inaccessible.

*Nassau County Policy*

69. According to the NCPD PLS Handbook (the "Handbook"), a "pistol license may be suspended and/or revoked based upon evidence of any disqualification pursuant to this Handbook…"

70. According to the Handbook, it is the policy of the PLS to "immediately suspend the pistol license of any licensee who violates any of the terms and conditions of the license or this Handbook and commence an investigation to determine whether or not the license should be revoked."

71. According to the Handbook, violations of the terms and conditions of the pistol license include, but are not limited to:

- "Failure to report any of the following to the Pistol License Section within three (3) business days… -any domestic dispute/disturbance involving a licensee and also involving police presence," and
- "When the licensee or a member of the licensee's household receives professional treatment for mental health issues (including depression)," and
- "When the licensee or a member of the licensee's household is admitted to any public or private hospital for treatment of mental health issues," and
- "Any incident involving a licensee where there is police response, whether it involves the licensee or any other resident or guest in or at their home or place of business. This includes police response to any location that is non-domestic whereby a licensee is the subject, witness or third party involved."

9

72. None of the grounds for suspension enforced against Plaintiffs have a corresponding analogue in this Nation's historical traditions of firearm regulation.

73. The Handbook also requires suspended licensees to surrender their rifles and shotguns under every circumstance where a pistol license is suspended.

74. Defendants also required Plaintiffs to surrender their long guns.

75. Each provision of the Handbook complained of herein violates the Second Amendment.

76. Plaintiffs' conduct – possessing bearable arms for self-defense – is conduct protected by the plain text of the Second Amendment.

77. Plaintiffs committed no act that renders them dangerous or firearms-disqualified.

78. To date, Defendants persist in their to refusal to reinstate Plaintiffs' pistol licenses and remove the barrier to the return of Plaintiffs' property.

79. NCPD's policies and procedures of suspending, revoking and/or refusing to issue a pistol license as set forth herein subjects Nassau County to *Monell* liability.

80. Defendants acted in concert and aided/abetted one another in the violations of Plaintiffs' constitutional rights as described herein.

81. Defendants' actions have violated Plaintiffs' Second, Fourth, and Fourteenth Amendment rights and, as such, Plaintiffs are entitled to presumed nominal damages, compensatory damages, and punitive damages as a result of the complete loss of their Second Amendment rights and, *inter alia,* Defendants' interference with the use and enjoyment of Plaintiffs' property.

## COUNT I
## U.S. CONST., AMEND. II (and XIV), 42 U.S.C. § 1983

82. Repeat and reallege paragraphs "1" through and including "81."

83. Under the theory that each and every defendant is liable to plaintiffs for violations of their rights as codified in the Second Amendment to the U.S. Constitution, 42 U.S.C. § 1983.

## COUNT II
## U.S. CONST., AMEND. IV, 42 U.S.C. § 1983

84. Repeat and reallege paragraphs "1" through and including "83."

85. Under the theory that each and every defendant is liable to plaintiffs for violations of their rights as codified in the Fourth Amendment to the U.S. Constitution, 42 U.S.C. § 1983.

## COUNT III
## *MONELL* LIABILITY

86. Repeats and realleges paragraphs "1" through and including "85."

87. Under the theory that, by creating, maintaining, enforcing, following, and/or applying the unconstitutional policy described herein, Nassau County is liable to the plaintiffs under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978) for the violations of his Constitutional Rights as plead herein, 42 U.S.C. §1983.

WHEREFORE, a Judgment is respectfully requested:

- Declaring the Nassau County policies and procedures described herein violate the Second Amendment to the U.S. Constitution;

- Declaring the Nassau County policies and procedures described herein violate the Fourth Amendment to the U.S. Constitution;

- Permanently enjoining the Nassau County policies and procedures challenged herein;

- Awarding Plaintiffs presumed nominal damages for the violation of Plaintiffs' constitutional rights;

- Awarding Plaintiffs compensatory damages;

- Awarding Plaintiffs punitive damages against the individually named defendants;

- Awarding costs, disbursements and reasonable statutory attorney's fees under 42 U.S.C. 1988 and any other applicable statute;

- Granting such other, further, and different relief as to this Court seems just, equitable, and proper.

Dated: April 24, 2025
      Scarsdale, New York

                              THE BELLANTONI LAW FIRM, PLLC
                              *Attorneys for Plaintiffs*

By:    *Amy L. Bellantoni*
        Amy L. Bellantoni
        2 Overhill Road, Suite 400
        Scarsdale, New York 10583
        abell@bellantoni-law.com